IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONNIE MCCLAIN, )
)
Plaintiff, )
)
v. )
) CASE NO. 2:08-cv-614-WHA
RODDY COCA COLA BOTTLING )
COMPANY d/b/a MONTGOMERY )
COCA COLA BOTTLING CO. )
)
Defendants. )

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 10, filed August 1, 2008). Pending before the Court are the *Motion for Summary Judgment of Roddy Coca Cola Bottling Company d/b/a Montgomery Coca Cola Bottling Co.* (Doc. 33, filed February 17, 2009), *Montgomery Coca Cola Bottling Co.'s Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure* (Doc. 45, filed April 6, 2009), the *Motion for Summary Judgment of Ronnie McClain Pro-Se* (Doc. 53, filed May 20, 2009), and *Montgomery Coca Cola Bottling Co.'s Motion to Strike Motion for Summary Judgment of Ronnie McClain Pro Se* (Doc. 56, filed May 27, 2009).

## I. PARTIES

Plaintiff, Ronnie McClain ("McClain" or "Plaintiff"), is a resident of Courtland, Alabama. Defendant is Roddy Coca Cola Bottling Company d/b/a Montgomery Coca Cola Bottling Company ("RCCBC" or "Defendant").  RCCBC is a corporation organized and existing under the laws of the State of Tennessee with its principle place of business in Montgomery, Alabama.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1332 (diversity).  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.[1]

## III. NATURE OF THE CASE

On January 4, 2008, McClain filed a Complaint against RCCBC in the Circuit Court of Jefferson County, Alabama.  On February 20, 2008, the case was timely removed to the Northern District of Alabama and on June 11, 2008 the case was transferred to the Middle District of Alabama. In his Complaint, McClain alleges that he suffered damages when a Coca Cola product exploded in his face during the time he was incarcerated at Elmore County Prison.  Specifically he asserts the tab on the aluminum can was turned backwards. When he attempted to turn the tab to the correct direction, the product exploded causing the tab and seal to fly upwards and liquid "to shoot into McClain's eye and nose causing him to

---

[1] The case was transferred from the Northern District of Alabama on July 31, 2008. *See* Doc. 8.

cough and choke erratically." *See* Doc. 1, Complaint at p. 1. McClain further asserts this incident caused him to lose normal vision and suffer physical and emotional distress. *Id*. at p. 1-2. While the Complaint does not specify what statutes or laws McClain brings his claims under, it appears, based on his assertions, that they fall under the Alabama Extended Manufacturer's Liability doctrine and negligence (failure to warn and negligent inspection). *Id*. at 1-3.[2] He seeks $1.2 million in compensatory damages and $1.3 million in punitive damages. *Id*. at p. 1.

On February 17, 2009, RCCBC filed its motion for summary judgment and supporting documentation. *See* Docs. 33-35. The Court ordered Plaintiff to file a response on or before March 20, 2009. *See* Doc. 37. On March 9, 2009, the Court granted RCCBC's motion to supplement its motion for summary judgment and specifically reminded McClain of the March 20, 2009 deadline to respond by stating he must address the supplemental information in his response. *See* Docs. 40-41. McClain did not respond by March 20, 2009.

On March 5, 2009, prior to the response deadline, RCCBC also filed a motion to preclude evidence of damages not itemized and a motion in essence deeming certain admissions relating to Plaintiff's claim for damages. *See* Doc. 38. Specifically, RCCBC avers McClain failed to obey a court order to itemize his damages and did not properly answer the requests for admissions. Therefore, RCCBC asked the court to preclude evidence of damages. RCCBC further requested the Court deem admitted several requests for

---

[2] McClain appears to confirm this in later pleadings. *See, e.g.,* Doc. 54.

admissions relating to the breakdown of damages. As with the motion for summary judgment, despite a court order to do so, Plaintiff did not respond to the motion. As such, on March 20, 2009, the Court granted both requests. *See* Doc. 44.

Several weeks after the summary judgment response was due, on April 6, 2009, RCCBC filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* Doc. 45. In the motion for sanctions, RCCBC states it was contacted by Margaret Mixon ("Mixon"), a close acquaintance of McClain. *Id*. RCCBC states Mixon told defense counsel that the incident alleged by McClain did not actually occur to him, but rather happened to another inmate incarcerated in the Elmore County Prison System. *Id*. RCCBC further avers that McClain has also violated his obligations under Rule 11 by answering a number of discovery requests dishonestly. *Id*. Again, the Court entered a show cause order wherein McClain was given a response deadline. *See* Doc. 48. McClain sought an extension which the court gave. On that May 20, 2009 deadline, instead of filing the expected response to the motion for sanctions, McClain filed his own pleading styled as a motion for summary judgment. *See* Docs. 53-55. The Court will address this pleading in further detail below.

## IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE

In his summary judgment documents, McClain appears to do three things. First, it appears McClain moves for summary judgment for himself. Specifically, he states "[s]ummary judgment is due to be granted to the Plaintiff Ronnie McClain in this case under the extended manufacture's [sic] liability doctrine because there is evidence that Coca Cola

product was defective; the product was defective when it left the defendant's possession and control." *See* Doc. 53 at p. 1.  Under a section on negligent inspection he also states "summary judgment is due to be granted to Plaintiff McClain in this case." *See* Doc. 54 at p. 4.  However, two lines later he asks the Court to "determine that there are genuine issues and material facts and submit this case to a jury." *Id*.  Therefore, the Court is unclear as to what Plaintiff seeks.  Second, McClain clearly addresses the Defendant's motion for summary judgment. *See* Doc. 54 at p. 1, 3-4.  He disputes assertions made by RCCBC in its motion for summary judgment. *Id*.  Finally, McClain also states the motion for sanctions is due dismissal because the information contained therein came from a "very bad breakup of McClain's formal [sic] girlfriend." *See* Doc. 53 at p. 1.

On May 27, 2009, RCCBC filed a motion to strike the Plaintiff's summary judgment pleadings because the dispositive motions deadline was February 17, 2009.[3] *See* Doc. 56.  Further, RCCBC asserts that to the extent the Court views it as a response to the Defendant's motion for summary judgment, that response was also filed untimely because it was due by March 20, 2009. *Id*.  As such, RCCBC requests the documents be stricken.

Plaintiff responded to the motion to strike saying that he did request an extension. *See* Doc. 57.  The Court did provide McClain an extension on his response to the <u>motion for sanctions</u>. *See* Doc. 51.  McClain did not seek an extension with regard to the already

---

[3] The deadline was February 16, 2009, but because that date was a federal holiday, Defendant correctly notes that under the Federal Rules of Civil Procedure the dispositive motions deadline would be pushed to the next business day.

overdue response to the motion for summary judgment or the filing of a dispositive motion of his own. *See* Doc. 50. Frankly, the Court would have denied such an untimely request. "Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (quoting *Brooks v. Britton*, 669 F.2d 665, 666-67 (11th Cir. 1982)).

Ergo, Defendant's motion to strike is due to be granted to the extent Plaintiff moves for summary judgment on his own behalf and responds to the Defendant's motion for summary judgment. *See Mosley v. MeriStar Management Co., LLC*, 137 Fed. Appx. 248, 250 (11th Cir. 2005) (quoting *United States v. Three Parcels of Real Property*, 43 F.3d 388, 392 (8th Cir. 1994)) (finding no abuse of discretion in district court's striking opposition to a motion to a summary judgment which was filed four days late and contained no request for enlargement or explanation for untimeliness); *see also Young v. City of Palm Bay, Florida*, 358 F.3d 859, 864 (11th Cir. 2004) (finding no abuse of discretion in district court's refusal to consider an untimely opposition to a summary judgment motion).[4]

However, to the extent the documents address the motion for sanctions, the motion to strike must be denied because the documents were filed timely. Therefore, they shall not be stricken from the docket sheet in entirety, but only as to the portions pertaining to a request for summary judgment and a response to the already pending summary judgment.

---

[4] A cursory review of the responsive portions of the document reveals that Plaintiff did little to nothing to address the substantive legal issues asserted by Defendant in its motion for summary judgment. Rather, Plaintiff simply makes brief conclusory statements that material facts are at issue. Therefore, even if the Court did not strike the pleading, the response does little to assist this court in evaluating Defendant's motion for summary judgment.

Therefore, the motion to strike shall be granted in part and denied in part.[5]

## V. SUMMARY JUDGEMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-54; *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id*. at 249. Only disputes about the material facts will preclude the granting of summary judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that

[5] The Court will then review the Defendant's motion for summary judgment without the benefit of a response. However, this does not lead to an "automatic win" for Defendant. RCCBC must still show there is no genuine issue of material fact which merits consideration by a jury.

a reasonable jury could return a verdict for the nonmoving party.'"). Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (conclusory assertions in absence of supporting evidence are insufficient to withstand summary judgment). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263

F.3d 1234, 1264 (11th Cir. 2001). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted). Thus, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*, 475 U.S. at 586 106 S.Ct. at 1356 (citations omitted).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *Johnson*, 263 F.3d at 1242-43. Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513; *see also McCormick*, 333 F.3d at 1243 (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*. at 322, 106 S.Ct. at 2552.

In addition, all litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County*

*of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## VI. DISCUSSION AND ANALYSIS

McClain brings his claims pursuant to the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and the theories of negligent inspection and failure to warn. The Court will address each in turn.

### A. AEMLD

To establish a prima facie case under the AEMLD, Plaintiff must show: (1) that RCCBC manufactured, designed or sold a defective, unreasonably dangerous product; (2) that the product reached the consumer in substantially the same condition in which it was sold; and (3) that the product injured the consumer when it was put to its intended use. *Beam v. Tramco, Inc.*, 655 So.2d 979, 981 (Ala.1995); *see also Cooper v. Toshiba Home Tech. Corp.*, 76 F.Supp.2d 1269, 1276 (M.D. Ala. 1999) (citing *Beam* and listing elements of AEMLD claim). Further, "it makes no difference whether it is dangerous by design or defect. The important factor is whether it is safe or dangerous when the product is used as it was intended to be used." *Cooper*, 76 F.Supp.2d at 1276 (quoting *Casrel v. Altec Indus., Inc.*, 335 So.2d 128, 133 (Ala. 1976)). That said, "the manufacturer of a product is not an insurer against all harm that may be caused by the use of the product, and the manufacturer or designer is not obligated to produce an accident-proof or injury-proof product. Likewise, the failure of a product does not presuppose the existence of a defect." *Townsend v. General Motors Corp.*, 642 So.2d 411, 415 (Ala. 1994) (citations omitted). "Proof of an accident and injury is not in itself sufficient to establish liability under the AEMLD; a defect in the

product must be affirmatively shown." *Tanksley v. ProSoft Automation, Inc.*, 982 So.2d 1046, 1052 (Ala. 2007) (quoting *Townsend*., 642 So.2d at 415). Therefore, to survive summary judgment, a plaintiff must present "substantial evidence" to establish a defect under the AEMLD. *Townsend*., 642 So.2d at 418. "Without evidence to support the conclusion that the product was defective and/or unreasonably dangerous when it left the hands of the seller, the burden is not sustained." *Tanksley,* 982 So.2d at 1052 (quoting *Jordan v. General Motors Corp.*, 581 So.2d 835, 837 (Ala. 1991)). Pure speculation or conjecture will not suffice. *Cooper,* 76 F.Supp.2d at 1276 (citing *General Motors Corp. v. Edwards*, 482 So.2d 1176 (Ala.1985)).

Ordinarily, expert testimony is required in AEMLD cases to prove that the product is defective and that the defective condition of the product caused the product to fail and injure the plaintiff. *See Sears Roebuck & Co., Inc. v. Haven Hills Farm, Inc*., 395 So.2d 991, 995 (Ala.1981). "When the product in question is of a complex and technical nature such that a lay juror could not, in the absence of expert testimony, infer that a defective condition of the product caused the product's failure and caused the resulting injury to the plaintiff, expert testimony is a necessary component of a plaintiff's case." *Cooper*, 76 F.Supp.2d at 1276 (citing *Townsend*, 642 So.2d at 415; *Brooks v. Colonial Chevrolet-Buick*, 579 So.2d 1328, 1333 (Ala. 1991)).

Here, McClain alleges that a coke can manufactured and distributed by RCCBC was defective. Based on the foregoing, the court finds that the design and manufacture of the can are complex and technical matters, and that a lay juror is unlikely to be able to determine

whether one was defective without the aid of expert testimony. Therefore, the court finds that Plaintiff must use expert testimony to establish whether the coke can was defective. *See Townsend*, 642 So.2d at 416. McClain has not designated an expert witness and the deadline to disclose any such witness has long since passed.[6] Consequently, RCCBC's motion for summary judgment as to the AEMLD claim is due to be granted.[7]

**B. NEGLIGENT INSPECTION OR FAILURE TO INSPECT**

In order to prevail on a general claim for negligence, "the plaintiff must prove (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury." *DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So.2d 454, 460 (Ala. 2008). Alabama courts have modified the negligence elements in a negligent inspection claim and a plaintiff must show: (1) that the defendant had a duty, or assumed a duty by voluntarily undertaking the inspection; (2) the scope of that duty; (3) whether the duty was breached; (4) whether there was damage or injury; and (5) whether the injury was proximately caused by that breach. *Clark v. Floyd*, 514 So.2d 1309, 1314 (Ala. 1987); *see also Mitchell v. American Suzuki Motor Corp.*, 2008 WL 853587, *3

---

6 The deadline for plaintiff to disclose any expert testimony was December 1, 2008. *See* Doc. 18, Scheduling Order § 8.

7 The Court need not address the alternate reasons provided by Defendant as to summary judgment on the AEMLD claims, but does not that Plaintiff also fails to establish element 2 of the prima facie case of an AEMLD claim - i.e. that the coke can reached the consumer in substantially the same condition in which it was sold. Thus, summary judgment could also be granted on this basis.

(M.D. Ala. 2008) (quoting *Hadduck v. Multivac, Inc.*, 703 So.2d 969, 972 (Ala. Civ. App. 1996)) (unpublished opinion citing 5 elements).

McClain alleges RCCBA "failed to have a safety inspection at the location of Montgomery, AL to ensure product safety and customer satisfaction." *See* Doc. 1, Complaint at p. 3. McClain provides nothing to establish the prima facie case required to show negligent inspection or failure to inspect.[8] Therefore, summary judgment for the defendant is appropriate on this claim.

## C. NEGLIGENT FAILURE TO WARN

McClain also seeks to hold RCCBA liable for its allegedly negligent failure to warn. To maintain an action for failure to warn based upon a negligence theory or under the AEMLD, the plaintiff must prove: (1) that the defendant had a duty to warn him or her of the product's danger when used in its customary manner; (2) the defendant's warning breached that duty because it was inadequate; and (3) the breach proximately caused the plaintiff's injuries. *Rodgers v. Shave Mfg. Co., Inc.*, 993 F.Supp.1428, 1437 (M.D. Ala. 1998) (citing *Strickland v. Royal Lubricant Company*, 911 F.Supp. 1460, 1468 (M.D.Ala.1995)). Put another way, the plaintiff must establish the elements for recovery under a general negligence

---

[8] The Court already determined it is appropriate to strike the response to the motion for summary judgment for untimeliness. However, even if they were not stricken, McClain could not succeed on this claim as he asserts discovery is ongoing. Discovery is <u>not</u> ongoing even as of the date of his filing on May 20, 2009. The discovery period was completed on March 16, 2009. *See* Doc. 18, Scheduling Order § 7. At the scheduling conference on August 22, 2008, the Court explicitly warned Plaintiff about the importance of complying with the scheduling order and any court ordered deadlines. Therefore, McClain's claim would still fail even if the response had not been stricken.

theory, namely: duty, breach of that duty, proximate causation, and injury/damage. *Deere & Co. v. Grose*, 586 So.2d 196, 198 (Ala.1991).

Under Alabama law, a negligent failure-to-warn-adequately case should not be submitted to the jury unless there is evidence that an adequate warning would have been read and heeded and would have prevented the accident. *Id*. (citing *Gurley*, 505 So.2d at 361). Nothing is in the record to establish that McClain would have read and heeded a warning which would have prevented the alleged accident. Even with reviewing the record in the light most favorable to McClain, as this Court must do, he has done nothing to even establish a prima facie case of negligent failure to warn. Finally, the manufacturer is not required to provide a redundant warning, but only to provide a warning of those dangers that are not obvious to the user. *See Abney v. Crosman Corp.*, 919 So.2d 289, 294 (Ala. 2005) (quoting *Gurley v. American Honda Motor Co.*, 505 So.2d 358, 361 (Ala. 1987) ("The objective of placing a duty to warn on the manufacturer [or supplier] of a product is to acquaint the user with a danger of which he is not aware, and there is no duty to warn when the danger is obvious."); *see also Ford Motor Co. v. Rodgers*, 337 So.2d 736, 739 (Ala. 1976) ("A manufacturer is not under a duty to warn the user of every danger that may exist during use of his product. The objective of placing a duty to warn on the manufacturer or supplier is to inform a user of the danger for which he is not aware, therefore, there is no duty to warn when the danger is obvious."). In the case at hand, the Court finds that it is obvious that a carbonated drink may spew out upon one who opens the can. Therefore, McClain fails to establish that there was a duty to warn. Thus, summary judgment is appropriate as to the

failure to warn claim.

## VII. REQUEST FOR RULE 11 SANCTIONS

RCCBC filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires plaintiff to certify that "to the best of [his] knowledge, information and belief," his claim is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law...." FED. R. CIV. P. 11(b)(2). If the claim is not warranted, the Court may "impose an appropriate sanction." FED. R. CIV. P. 11(c). "Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se status when it determines whether [a] filing [i]s reasonable." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). The Eleventh Circuit has held that three types of conduct warrant imposition of sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 n. 88 (11th Cir. 1991). RCCBC asserts the first and third reasons as grounds for sanctions.

In its motion for sanctions, Defendant relies almost exclusively upon the affidavit of Margaret Mixon, Plaintiff's ex-girlfriend.[9] *See* Doc. 40, Ex. A. Mixon states the incident

---

[9] The uses the word "almost" because Defendant also cites to some responses to discovery. However, Defendant's reliance on the falsity of those responses is dependent upon

alleged by McClain did not happen to him and that he got the information from another inmate. McClain, in his response to the motion for sanctions, includes his own affidavit which counters Mixon's allegations. *See* Doc. 55, Ex. G. The Court is faced with sworn testimony by two parties who went through a hostile break-up - the classic "he-said, she-said" scenario. The Court need not and does not pass judgment on Mixon's veracity; however, it

is conceivable that Mixon came to defense counsel simply to get back at her ex-boyfriend. Further, the Court has already determined that the motion for summary judgment is due to be granted which results in the dismissal of Plaintiff's claims. Therefore, the Court declines to impose any additional Rule 11 sanctions and denies the motion.

## VIII. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) *Montgomery Coca Cola Bottling Co.'s Motion to Strike Motion for Summary Judgment of Ronnie McClain Pro Se* (Doc. 56) be **GRANTED in part** and **DENIED in part**.

(2) The *Motion for Summary Judgment of Ronnie McClain Pro-Se* and supporting documentation (Docs. 53-55) be **STRICKEN** as to the portions pertaining to Plaintiff's request for summary judgment and responding to Defendant's motion for summary judgment. The portions responding to the motion for

---

the truth of Mixon's allegations.

sanctions still remain.

(3) The *Motion for Summary Judgment of Roddy Coca Cola Bottling Company d/b/a Montgomery Coca Cola Bottling Co.* (Doc. 33) be **GRANTED**.

(4) *Montgomery Coca Cola Bottling Co.'s Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure* (Doc. 45) be **DENIED**.

(5) Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties file any objections to the this *Recommendation* on or before **June 29, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 16th of June, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE